UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD SALINO GARCIA,

    Plaintiff,

v.                                        Case No. 8:23-cv-406-CEH-SPF

OFFICER M. PTAK, *et al.*,

    Defendants.
_____/

## ORDER

Plaintiff filed his amended complaint under 42 U.S.C. § 1983 (Doc. 5) in which he alleges Deputies Ptak, Smith, and McCallister arrested him without probable cause and used excessive force during the arrest in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. As relief, Plaintiff seeks monetary damages and criminal charges against the Defendants.

## DISCUSSION

After a review of the amended complaint in accord with 28 U.S.C. § 1915A, the Court concludes that the amended complaint must be dismissed without prejudice to Plaintiff filing a second amended complaint because he has failed to state a claim upon which relief may be granted against Defendants in their official capacities.[1] To the

---

[1] Plaintiff sues Defendants in both their individual and official capacities (Doc. 5 at pp. 2-3). Plaintiff has sufficiently pled individual liability against Defendants.

1

extent Plaintiff sues Defendants in their official capacities, the action is considered a suit against the local government entity they represent, *see Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989), here the Pasco County Sheriff. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999). "A governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). Rather, a governmental entity may be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To attribute liability to Defendants in their official capacities under §1983, Plaintiff must demonstrate that the Sheriff's Office had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, the amended complaint fails to allege facts sufficient to show the existence of a policy or custom that caused the alleged violation of Plaintiff's constitutional rights. Therefore, the amended complaint fails to state a claim upon

which relief may be granted against Defendants in their official capacities.

Finally, this Court has no authority to direct state officials to bring criminal charges against Defendants. *See Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987). Thus, this claim for relief is dismissed.

Accordingly:

1. The amended complaint (Doc. 5) is **DISMISSED** for failure to state a claim upon which relief may be granted against Defendants in their official capacities. The dismissal is without prejudice to Plaintiff filing a second amended complaint within 30 days from this Order. Plaintiff must use the form provided to him by the Clerk and write "Second Amended Complaint" on the form. Failure to timely file a second amended complaint may result in dismissal of this action without further notice.

2. The **Clerk of the Court** is directed to send a copy of the Court's form for initiating a civil rights action to Plaintiff with his copy of this Order.

**ORDERED** in Tampa, Florida, on April 12, 2023.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*

3