UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD SALINO GARCIA,

    Plaintiff,

v.                                                          Case No. 8:23-cv-406-CEH-SPF

OFFICER M. PTAK, *et al.*,

    Defendants.
_____/

## ORDER

Plaintiff, a Florida pretrial detainee proceeding pro se, filed a third amended civil rights complaint (Doc. 12). He did not use the Court's standard form for civil rights complaints. He was warned that failure to use the standard form would result in dismissal of this action (*See* Doc. 11).

Accordingly:

1. This action is **DISMISSED**. The dismissal is without prejudice to Plaintiff initiating a new action by filing a new complaint on the Court's civil rights complaint form *in a new case with a new case number*. *See* Local Rule 6.04(a)(3) ("A pro se person in custody must use the standard form — available without charge from the clerk and on the court's website — to file . . . a complaint, such as a 42 U.S.C. § 1983 complaint, that alleges a violation of the United States Constitution or other federal law by a

1

governmental official.").[1]

2. The Clerk is **DIRECTED** to: 1) mail to Plaintiff a copy of each of these documents: a) the Court's standard prisoner civil rights complaint form; and b) this Order; and 2) close this case.

**ORDERED** in Tampa, Florida, on November 25, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, pro se

---

[1] If Plaintiff elects to re-file his claims, he is cautioned that an alleged violation of a criminal statute seldom gives rise to a private cause of action. *See, e.g.*, *Love v. Delta Air Lines*, 310 F.3d 1347, 1352–53 (11th Cir. 2002); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1303 (11th Cir. 2008) (rejecting concept that Congress authorized "a federal private right of action any time a civil plaintiff invokes a federal criminal statute").